UNITED STATES of America,
Plaintiff–Appellee,

v.

Julian Deleon MONROE, a.k.a.
Julu, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Willie Lloyd, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Paul David Lamar, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Lamarcus Walthugh Stilling, a.k.a.
Lamarcus Walthugh Stillings,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

John A. Mills, a.k.a. John A. Benton,
a.k.a. John A. Mielo, a.k.a. Bird, a.k.a.
Blood God, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kerlin Bellot, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Terrance Dalone Parker, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Adrian Donnell Jenkins, a.k.a. Psych,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Rory Gerald Gibson, a.k.a. Rojo,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Derrick Leon Harden, a.k.a. Derrick
Harden, a.k.a. Derrick L. Harden,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Carl Dennis Johnson, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Joseph Lee Holmes, Jr., a.k.a. Joseph
Lee Holmes, a.k.a. Joseph L. Holmes,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Eric K. Richardson, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Elvis Brandy, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kevin Wilson, a.k.a. Clinton Edwards,
a.k.a. Kevin Edwards, a.k.a. Keevie,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Lawrence Smith, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Willie Lashawn Bell, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Charles E. Daniels, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

William McGraw, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Terrence Timone Bell, a.k.a. Damar
Lafred McCrary, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Agustin Avila, a.k.a. Tingo,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Michael Job Britton, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Sanford Knight, a.k.a. Pee Wee,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Willie H. Murphy, a.k.a. Coop,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Norris Antonio Singletary,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

James A. Battiste, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Mario Sinclair Jelks, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Daniel Bellamy, a.k.a. G–Man,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jason Jamaal Jackson, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Anthony Hendricks, a.k.a. T–Red,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Shirley Daniels, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Lonnie Camel, Jr., a.k.a. Cameo,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Terrence Denmark, a.k.a. Tick,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

William R. Downs, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Marcellus Matson, a.k.a. Pee Wee,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kolon Mann, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Anthony Butler, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Carl Michael Crowe, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Andrae Leron Johnson, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Alvin Barnes, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert Upshaw, a.k.a. Robert Epps,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Leroy Sullivan, a.k.a. Chicken Hawk,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Eldred Tracy Kellum, a.k.a. Eldridge
Tracy Kellum, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Roy Larry Lee, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Sheldon Smith, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Leonard Deshawn Harmon,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Lucious Scott, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Phillip Scott, Jr., Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Christopher Lashawn Brown, a.k.a.
Mudd, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Richard George Mathews, a.k.a. Ricky
George Williams, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kevin E. Moore, a.k.a. KP,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Alonzo Baskin, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kenneth Charles Daniels, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

James Roosevelt Lee, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Andrew Crumbly, Defendant–Appellant.

Nos. 12–10211, 12–10357, 12–10416, 12–10417, 12–10418, 12–10572, 12–10574, 12–10593, 12–10725, 12–10729, 12–10763, 12–10767, 12–10773, 12–10904, 12–10909, 12–10959, 12–10960, 12–10961, 12–10964, 12–10965, 12–10966, 12–10978, 12–11039, 12–11040, 12–11054, 12–11055, 12–11099, 12–11103, 12–11142, 12–11181, 12–11182, 12–11187, 12–11248, 12–11249, 12–11318, 12–11319, 12–11322, 12–11324, 12–11354, 12–11361, 12–11403, 12–11405, 12–11407, 12–11408, 12–11456, 12–11631, 12–11632, 12–11651, 12–11742, 12–11767, 12–11939, 12–11950, 12–12030, 12–12170, 12–12199
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 8, 2012.

Peggy Morris Ronca, U.S. Attorney's Office, Orlando, FL, Susan Hollis Rothstein–Youakim, W. Stephen Muldrow, Robert E. O'Neill, Yvette Rhodes, Patricia A. Willing–Flu, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Rosemary Cakmis, Craig L. Crawford, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, Defendants–Appellants.

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

In these consolidated appeals, federal prisoners were convicted of crack cocaine crimes. In each case, the district court calculated the prisoners' guidelines ranges using the career offender guideline because each prisoner had at least two prior felony convictions for a controlled substance offense. *See* United States Sentencing Guidelines § 4B1.1 (Nov. 2011). The prisoners later filed motions to reduce their sentences under 18 U.S.C. § 3582(c)(2), contending that Amendment

750 to the guidelines, which lowered the base offense levels for crack cocaine crimes in U.S.S.G. § 2D1.1, had reduced their guidelines ranges. The district court denied those motions, and these are the prisoners' appeals.

The district court did not err in denying the § 3582(c)(2) motions. In *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008), we held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore* controls here. Amendment 750 did not alter the prisoners' career offender guidelines ranges, so the district court is not authorized to reduce their sentences under § 3582(c)(2). *See Moore,* 541 F.3d at 1330; *see also United States v. Glover,* 686 F.3d 1203, 1206 (11th Cir.2012) ("[Section 3582(c)(2) ], the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case. It is that simple."). The prisoners argue that the Supreme Court's decision in *Freeman v. United States,* 564 U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), abrogated our decision in *Moore,* but we have already rejected that argument. *See United States v. Lawson,* 686 F.3d 1317, 1320–21 (11th Cir.2012).

**AFFIRMED.**